329 P.2d 1097

Ann Ruth WISNISKI, a widow, Appellant,

v.

Roland ONG, dba Roland's Market and
Luis Meza, Appellees.

No. 6483.

Supreme Court of Arizona.

Sept. 30, 1958.

374

Stephen W. Connors, Phoenix, for appellant.

William P. Lutfy and Charles E. Butler, Phoenix, for appellees.

STRUCKMEYER, Justice.

This action was brought by Ann Ruth Wisniski, plaintiff, alleging facts in a single count which reasonably support both an action for malicious prosecution and for false imprisonment. The matter was duly tried and submitted to a jury. A verdict was returned in favor of the plaintiff and against the defendants, Ong and Meza. Thereafter, the trial judge entered an order granting a new trial, but subsequently vacated the order and entered an order granting judgment for the defendants n. o. v. This appeal questions the correctness of the latter order.

■ Although no reason was assigned by the trial court for its action, it is the plaintiff's position that the evidence is sufficient to sustain a judgment in both malicious prosecution and false imprisonment. We have considered the evidence here most strongly in favor of sustaining the jury's verdict, for if reasonable inferences can be drawn in support thereof, it was error for the trial court to grant the motion for a judgment n. o. v. Glowacki v. A. J. Bayless Markets, 76 Ariz. 295, 263 P.2d 799.

Defendant Roland Ong was the owner and proprietor of a grocery store in the city of Phoenix. In his store, Ong had a drug counter on which, among other things, certain pills described as Natures Remedy were displayed for sale. Plaintiff, on the day of her arrest, went into the Ong market to purchase groceries. After paying for them, she left the store but was stopped by defendant Ong on the street just outside. Here a discussion took place, the substance of which was an accusation of stealing a box of Natures Remedy pills, Ong claiming that he and his employee, Luis Meza, had seen plaintiff take the pills off his drug counter. Mrs. Wisniski told them that she had purchased the pills at a drug store shortly prior to going into the Ong market. Plaintiff was arrested, imprisoned in jail, and prosecuted for theft, but was ultimately acquitted. She contends that these facts are, as a matter of law, sufficient to establish a want of probable cause for the prosecution.

■ Where the facts are not in dispute, probable cause for malicious prosecution is a question for the court alone, Richardson v. Powers, 11 Ariz. 31, 89 P. 542, but where they are in conflict, it is for the jury to determine the true state of the facts. Murphy v. Russell, 40 Ariz. 109, 9 P.2d 1020.

■ Under the law as it was pronounced in Glowacki v. A. J. Bayless Markets,

supra, in passing on the motion for judgment n. o. v., the trial judge was compelled to assume that the jury found the facts in favor of the plaintiff. If the jurors believed plaintiff's testimony that she purchased the pills prior to entering the Ong market, then necessarily they must have believed, and impliedly found, that the defendants did not see plaintiff take the pills. Consequently, the inference exists that the subsequent prosecution for theft was maliciously instigated and without probable cause.

To the foregoing, defendants reply that because the prosecution was commenced on the advice of the assistant city attorney of the city of Phoenix, probable cause existed as a matter of law and that this was a complete defense to the action. We think the law is soundly established that for the defense to be available, it must be shown that a true and full disclosure of all the facts then known was made to the prosecuting attorney. Jones v. Zimmerman, 180 Kan. 701, 308 P.2d 96; Patrick v. Wigley, 206 Okl. 194, 242 P.2d 423, and collected cases 10 A.L.R.2d 1215.

Since the defense is an affirmative one, it devolves upon the defendants to show that they stated the facts to the attorney fully and fairly. Diggs v. Arnold Bros., 132 Cal.App. 518, 23 P.2d 71.

Luis Meza, who signed the complaint, testified:

"Q. Now, you went down to the city attorney's office at the request of the arresting officer? A. Yes.

"Q. And did you tell the city attorney what you had seen? A. Yes, sir, *I told him what I had seen.* Then he advised me to sign a complaint.

"Q. And on his advice you did sign a complaint against her? A. Yes, sir." [Emphasis supplied.]

From this evidence, it cannot reasonably be implied that the city attorney was informed of appellant's side of the story— that she purchased the pills elsewhere. The evidence falls short of establishing a true and full disclosure of the facts to the prosecuting attorney. Other testimony in the case does not enlarge on the meagre statements of Meza.

As to the charge of false imprisonment, defendants urge that it cannot be sustained because the evidence does not establish that plaintiff was at any time imprisoned by them. Mrs. Wisniski testified that after she was met in the doorway of the market by Ong, the following occurred:

"Q. And did Mr. Ong ask you to return to the store? A. No, he didn't. He says, 'Yes, you got that peanuts.[?]' I says, 'No, I did not get it,' and so I put my hand in my other pocket; I says, 'The only thing I have got here,' I says, 'is the medicine that I bought,' and he says, 'Which?'

and he put his hand in my pocket and he grabbed it [the box of pills] and he went into the store.

"Q. So then did you follow him into the store? A. Yes, I did."

After this, further discussion took place which culminated in the police being called. Plaintiff testified:

"Q. And did you then attempt to leave the store? A. No, sir.

"Q. Did they call the police in your presence? A. No, sir. They just told me the police was coming, and so I waited for the police to come and straighten this matter out.

"Q. And were you afraid to leave? A. No.

\* \* \* \* \* \*

"Q. And then what happened? What did the policeman say? A. Well, the officer said, 'Well, what are we going to do about it?' He says to me, 'What did you do?' I says, 'I didn't do anything.' Well, he turned around and he says, 'One of you has to go and sign a warrant.'

"Q. Did the policeman refuse to arrest you? A. He says, 'One of you has to come and sign a warrant,' and so then the butcher [Luis Meza] says, 'Well, I will, because I am leaving anyway,' and they drove me down to headquarters."

Plaintiff testified that after she arrived at police headquarters, the desk sergeant asked her for a $500 bond, and when she told him that she did not have that much money, he told her he had to lock her up, and did.

We said in Swetnam v. F. W. Woolworth Company, 83 Ariz. 189, 318 P.2d 364, that the essence of false imprisonment is the direct restraint of personal liberty or freedom of locomotion, either by actual force or from the fear of force. In the instant case, it is clear that the defendants did not detain plaintiff by force. The force used by Ong in taking possession of the pills might possibly constitute assault, but it does not extend to a restraint of liberty; and plaintiff's statement that she was not afraid to leave the store negatives any possible inference that she was restrained through fear of force.

It is our conclusion that the evidence was sufficient to sustain the charge of malicious prosecution. It was therefore error for the trial court to grant defendants' motion and to enter judgment n. o. v. However, we have also concluded that the evidence is not sufficient to sustain the charge of false imprisonment. Since we on this court are unable to determine the basis of the jury's verdict, that is, whether for malicious prosecution or false imprisonment, or both, we feel compelled to set aside the order for judgment

n. o. v. and direct the entry of an order granting the defendants a new trial. It is so ordered.

UDALL, C. J., and WINDES, PHELPS, and JOHNSON, JJ., concurring.