370 P.2d 949

Pete SHERIDAN, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PINAL, and Honorable R. Porter Murry, one of the Judges presiding, Respondents.

No. 7539.

Supreme Court of Arizona,

En Banc.

April 25, 1962.

Cox & Sowers, Eloy, for petitioner.

E. D. McBryde, Pinal County Atty. Lloyd D. Brumage, Deputy County Atty., for respondents.

JENNINGS, Justice.

The petitioner, Pete Sheridan, applied for a writ of prohibition, directed to the Superior Court of the State of Arizona, in and for the County of Pinal, and the Honorable R. Porter Murry, then presiding, prohibiting said court and judge, hereinafter called respondent court, from proceeding further in criminal cause No. 3993, now pending against petitioner in respondent court. This Court thereupon issued an alternative writ of prohibition.

The facts necessary for a determination of this proceeding may be stated as follows: On November 27, 1961 a criminal complaint was filed in the Superior Court of the State of Arizona, in and for the County of Pinal, wherein petitioner was charged with violation of A.R.S. § 13–432, a misdemeanor.[1] On the same date Judge T. J. Mahoney, Judge of the Superior Court, issued a warrant of arrest against the petitioner and a search warrant for a search of the premises of the Silver Dollar Bar operated by petitioner.

Sometime on the night of November 27, 1961 petitioner was arrested and a search made of the Silver Dollar Bar which resulted in certain personal property of petitioner being seized. Immediately after the arrest, Judge Mahoney ordered petitioner released on his own recognizance.

On December 5, 1961 by order of the superior court, petitioner was ordered to appear before Judge Mahoney. Prior to his appearance, petitioner filed a motion to quash the search warrant and the criminal complaint. The motion was denied by Judge Mahoney on December 13th. Petitioner thereupon entered a plea of not guilty and was granted twenty days to file any additional motions which he might deem necessary. Petitioner waived the statutory period for trial and trial date was set for February 2, 1962.

Petitioner appeared before the Honorable R. Porter Murry, Judge of the Superior Court, (Greenlee County) presiding at the Pinal County Superior Court on January 29, 1962 and moved that the criminal action against him be dismissed. He also moved the court, the Honorable R. Porter Murry presiding, not to proceed with the hearing on petitioner's motion to quash the search warrant. The motions were denied.

1. A.R.S. § 13–432 (1956) reads:
   "A person who deals, carries on, opens or causes to be opened, or who conducts, either as owner, proprietor or employee, whether for hire or not, any slot machine, punchboard or machine of like character, whether played for money, checks, credits or other representative of value is guilty of a misdemeanor punishable by a fine of not less than one hundred nor more than three hundred dollars, by imprisonment for not more than six months, or both."

It is the petitioner's contention that a criminal action and proceeding was brought in the Pinal County Superior Court on November 27, 1961 by complaint and the issuance of a warrant; that further proceedings were had wherein petitioner was held to answer for an offense on December 13, 1961; that under the provisions of Article 2, section 30, Arizona Constitution, A.R.S.,[2] it is mandatory that a criminal prosecution in the superior court be by information or indictment; [3] that no information has been filed, nor indictment returned, and the thirty day period, as required by Rule 236, Arizona Rules of Criminal Procedure, 17 A.R.S.[4] has elapsed, and therefore the criminal prosecution against the petitioner should be dismissed.

The Pinal County Attorney's office refused to file an information. It was their position that from the moment the complaint was filed in the case, the respondent court was acting as a magistrate and not in the capacity of a court of record and therefore, the rules of criminal procedure applicable to superior courts had no application. This was the basis upon which the court, with the Honorable R. Porter Murry presiding, denied petitioner's motion to dismiss.

The respondent court expounds the proposition that when a court exercises jurisdiction which is concurrent with that of an inferior court,[5] it acts under precisely the same authority as the inferior court. Doggett v. Johnson, 72 Mont. 443, 234 P. 252 (1925). Based thereon, the respondent court contends that it was sitting as a justice or magistrate court, and would have been in error to have required the filing of a criminal information.[6]

■ With such contention we cannot agree. A judge of the superior court is a magistrate,[7] and therefore, under the provisions of Rule 1, Arizona Rules of Crim-

2. Art. 2, § 30 reads in pertinent part:
   "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment * * *."

3. The superior court is a court of record whereas justice courts are not. Arizona Constitution, Art. 6, § 30 (1961 Supp.)

4. Rule 236 provides:
   "When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter * * * the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the

court itself, unless good cause to the contrary is shown by affidavit * * *."

5. A.R.S. § 12–123 (1956) provides that superior courts and justice of the peace courts shall have concurrent jurisdiction of misdemeanors where the penalty does not exceed a fine of three hundred dollars or imprisonment for six months.

6. Under the provisions of A.R.S. § 22–311 (1956) "All proceedings and actions before justice of the peace courts for public offenses of which such courts have jurisdiction shall be commenced by complaint * * *."

7. See A.R.S. § 1–215(11) (Amended 1959).

inal Procedure,[8] criminal actions may be commenced before any superior court judge. However, magistrates have basically only three duties: Filing criminal complaints and issuing warrants of arrest; issuing search warrants and following certain prescribed procedure in relation thereto; and, conducting preliminary examinations. They have only the jurisdiction and power conferred by law on them.

■■■ Without regard to the powers pertaining to his judicial office, a judge when exercising the functions of a magistrate has only the jurisdiction and power conferred by law on magistrates. In Hoy v. State, 53 Ariz. 440, 447, 90 P.2d 623, 626 (1939) this Court cited with approval People v. Swain, 5 Cal.App. 421, 90 P. 720 (1907) wherein it was stated:

"It is readily to be observed * * * that proceedings in criminal cases before a magistrate and those before a justice of the peace are entirely different and distinct, and are designed to accomplish widely different purposes. * * * Under the law a justice of the peace, when exercising the powers of a magistrate, has equal authority as such with the justices of the Supreme Court and judges of the superior courts when acting in a similar capacity. The jurisdiction of all those officers, when

acting in the *ex officio* capacity in question, extends only to taking and hearing evidence upon the felony charge, and after hearing the proofs making an order either discharging the accused, or holding him to trial for the offense shown * * *." (Emphasis original.)

And in People v. Crespi, 115 Cal. 50, 54, 46 P. 863, 864 (1896) it was stated:

"* * * Justices of the supreme court, judges of the superior court, justices of the peace, and police judges, when sitting as magistrates, have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices. * * *"

See also Knight v. Maricopa County, 53 Ariz. 540, 97 P.2d 269 (1939); Fursdon v. Los Angeles County, 100 Cal.App.2d Supp. 845, 223 P.2d 520 (1950); State v. McCombs, 164 Kan. 334, 188 P.2d 922 (1948). The respondent court is evidently confusing the term magistrate in order to give the superior court power to try cases of misdemeanor without filing an information. Art. 2, § 30 of the Arizona Constitution provides that "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment * * *."

8. Rule 1 provides:
"All criminal actions and proceedings brought before any magistrate for a public offense, triable within the county, shall be commenced by complaint * * *."

Therefore, when a misdemeanor is prosecuted in the superior court it must necessarily be prosecuted by information or indictment. For, as stated in Loveland v. State, 53 Ariz. 131, 133, 86 P.2d 942, 943 (1939), " * * * superior courts have jurisdiction over every misdemeanor when the same is prosecuted by indictment or information presented to such court." See also Adams v. Stanford, 19 Ariz. 237, 168 P. 641 (1917).

There is no dispute of the fact that the criminal proceeding against petitioner was instituted in the Pinal County Superior Court, assigned Pinal County Superior Court No. 3993, signed by T. J. Mahoney as judge of the superior court, and set for trial. Petitioner moved to dismiss the criminal prosecution under the provisions of Rule 236, Ariz. Rules of Criminal Procedure. The Pinal County Attorney's Office refused to file an information. No affidavit of good cause was submitted, nor was leave requested to file such affidavit, it being submitted by the Pinal County Attorney that an information was not required.

When a person charged with an offense moves to dismiss the prosecution under Rule 236, the superior court is not required to dismiss the proceedings if the information was not filed within thirty days, but such dismissal is required unless good cause to the contrary is shown by affidavit. Rule 236, Arizona Rules of Crim. Procedure. See also State v. Treadway, 88 Ariz. 420, 357 P.2d 157 (1960). Since no information was filed against petitioner within the prescribed thirty day period, the proceeding against him should have been dismissed upon his application, there being no good cause to the contrary shown by affidavit. Therefore, respondent court is without jurisdiction to proceed further in the trial of criminal cause No. 3993.

Having found the superior court lacks jurisdiction to proceed it is unnecessary to consider petitioner's other contentions.

The alternative writ is made peremptory.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.