427 P.2d 135

STATE of Arizona ex rel. Robert K. COR-
BIN, County Attorney for Maricopa
County, Petitioner,

v.

The Honorable Porter MURRY, Judge of the
Superior Court of the State of Arizona in
and for the County of Greenlee, presiding
at the Maricopa County Superior Court,
State of Arizona, as a committing magis-
trate, William Doonan, real party in inter-
est, Respondents.

No. 8843.

Supreme Court of Arizona.

In Banc.

April 20, 1967.

Robert K. Corbin, County Atty., Phoenix,
Robert A. Hertzberg, Deputy County Atty.,
for petitioner.

Lewis, Roca, Scoville, Beauchamp &
Linton, and James Moeller, Phoenix, for
William Doonan, real party in interest.

STRUCKMEYER, Justice.

Petitioner, the State of Arizona, filed an
original petition in this Court in mandamus
to compel the Honorable Porter Murry,
Judge of the Superior Court of Greenlee
County, to proceed with a preliminary hear-
ing on a criminal complaint in the Maricopa
County Superior Court. After informal
hearing, we ordered that the alternative
writ issue. Writ made permanent.

The present action arose in this manner.
On August 4, 1966, a criminal complaint
was filed against one William Doonan,
charging him with numerous counts of
felonies. The Honorable Francis X. Gor-

don, Jr., Judge of the Mohave County Superior Court, then presiding as a magistrate in the Maricopa County Superior Court, examined witnesses and, finding reasonable grounds to believe that an offense or offenses had been committed, directed that a warrant issue for Doonan's arrest. A preliminary hearing was set before Judge Porter Murry, Judge of the Superior Court of Greenlee County, who was scheduled to preside in the Maricopa County Superior Court as a committing magistrate. On the date set for preliminary hearing, Judge Murry refused to hear any evidence, ruling that he had no jurisdiction in the matter. The county attorney then brought this petition for a writ of mandamus to compel Judge Murry to hold the preliminary examination.

■ Respondent first urges that petitioner has wholly failed to comply with Rule 1(b) of the Rules of the Supreme Court, 17 A.R.S., which requires that an application addressed to the original jurisdiction of this Court set forth the circumstances which render it proper that the writ be issued by us and not from a lower court. While we do not approve of a practice which, in effect, disregards any significant aspect of the rules promulgated by this Court, we recognize that where, as here, the matter on its face concerns an important facet of the administration of justice, the jurisdiction of the Court of Appeals need not invariably be first invoked.

It is respondent's position that Article VI, § 14 of the Arizona Constitution A.R.S., in fixing the jurisdiction of the superior court provides that it shall have original jurisdiction of "[c]ases and proceedings in which exclusive jurisdiction is not vested by law in another court", and "[s]pecial cases and proceedings not otherwise provided for". Respondent argues that by Chapter 105, Laws of 1966, the legislature vested jurisdiction of preliminary examination of felonies in justice of peace courts. Section 2 thereof provides:

"The justice of the peace courts shall have jurisdiction of the following offenses committed within their respective precincts in which such courts are established, subject only to the right to change of venue as provided by law:

\* \* \* \* \* \* \*

"5. Felonies, but only for the purpose of commencing action and conducting proceedings through preliminary examination \* \* \*." A.R.S. § 22–301, as amended, Laws 1966, Ch. 105, § 2.

■ We note first that Article VI, § 14 of the Arizona Constitution, as amended, confers jurisdiction on the superior court in all cases and proceedings "in which *exclusive* jurisdiction is not vested by law in another court." The legislative act, § 22–301, supra, does not expressly lodge exclusive jurisdiction to hold preliminary examination of felonies in justice of peace courts. Nor do we think it was so intended. Section 22–301 was amended by the legislature shortly after our decision in State ex rel. Corbin v. Superior Court In and For Maricopa County, 100 Ariz. 236, 413 P.2d 264, modified on rehearing, 100 Ariz. 362, 414 P.2d 738. There, we held that under the existing statutes the jurisdiction of a justice of peace sitting as a committing magistrate over felonies was county wide and not limited to those felonies committed within the precinct in which the justice of peace was elected. Plainly, the amended statute was intended to limit the common practice of prosecuting officials choosing one precinct over another to the possible disadvantage of the accused.

By Article II, § 30 of the Arizona Constitution:

" \* \* \* [N]o person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate \* \* \*."

A.R.S. § 1–215(11) designates a magistrate as:

" \* \* \* an officer having power to issue a warrant for the arrest of a person charged with a public offense and in-

cludes the chief justice and judges of the supreme court, *judges of the superior court*, justices of the peace and police magistrates in cities and towns." (Emphasis supplied.)

We said in Sheridan v. Superior Court, 91 Ariz. 211, 370 P.2d 949:

"A judge of the superior court is a magistrate, and therefore, under the provisions of Rule 1, Arizona Rules of Criminal Procedure, criminal actions may be commenced before any superior court judge." 91 Ariz. at 213, 214, 370 P.2d at 951.

Respondent argues that prior to the 1966 amendment of § 22–301, supra, the legislature had not provided jurisdiction of justice of peace courts over preliminary examinations, and that, therefore, having now fixed the jurisdiction by § 22–301, it must necessarily be exclusive. But we do not think so. By Article II, § 30, Constitution of Arizona, supra, no person may be prosecuted for a felony by information without having had a preliminary examination before a magistrate. By Chapter 115, R.C.A., 1928, a justice of peace was defined as a magistrate and criminal actions and proceedings were directed to be brought before any magistrate. By Chapter 116, R.C.A., 1928, it was the duty of a magistrate to advise a defendant of the charges against him and of his legal rights and to conduct and hold a preliminary hearing. Hence, prior to the adoption of Criminal Rule 1 in September of 1939, the legislature had provided for jurisdiction of justice of peace courts over preliminary examinations. The criminal rules merely provided for a continuation of the existing rules of procedure.

■ Since the purpose of the amendment to § 22–301 was to limit the jurisdiction of justice of peace courts to those felonies committed in the precincts in which such courts are established and since the legislature did not prescribe that the justice of peace courts had exclusive jurisdiction over preliminary examinations in felonies, we hold that our statement in State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 301, 288 P.2d 1077, that the "magistrate has a duty to conduct the required hearing * * *" controls the decision here. Judge Murry, as the committing magistrate, was required to hold this preliminary examination.

It is ordered the alternative writ of mandamus heretofore issued be made permanent.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL and LOCKWOOD, JJ., concur.