504 P.2d 495

**Leonard B. HYMER, Appellant,**

v.

**Robert MOORE et al., Appellees.**

**No. 1 CA–CIV 1653.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 28, 1972.

Jones, Hunter, Bartlett & Lerch, P. A., by James E. Hunter and Ross Anderson, Phoenix, for appellant.

Mesch, Marquez & Rothschild, P. C., by Douglas H. Clark, Jr., Tucson, for appellees.

DONOFRIO, Judge.

This appeal is from a judgment entered in favor of defendants-appellees Robert Moore, William J. Schafer III, former Pima County Attorney, and the County of Pima on a motion for directed verdict granted at the close of appellant's case, and for a denial of a motion for new trial. For convenience the parties will be referred to as they appeared in the trial court.

Plaintiff brought a malicious prosecution action against the aforementioned defendants for the filing of a criminal complaint against him on August 4, 1966 which alleged a violation of A.R.S. § 13–317, the statute imposing penalties for the submission of false travel vouchers to the State Auditor's office. Approximately 13 months later the plaintiff's attorney in the criminal case was successful in obtaining a motion to quash the complaint for lack of prosecution. Subsequently this civil action was filed.

The following is a further statement of the facts necessary for a determination of this appeal as viewed in the light most favorable to the plaintiff against whom the directed verdict was entered. Slonsky v. Coca-Cola Bottling Company, 18 Ariz.App. 10, 499 P.2d 741 (1972).

In 1966 plaintiff was an employee of the Department of Liquor Licenses and Control and was assigned to that division of the department doing narcotics undercover work primarily in Southern Arizona. He had been employed by the liquor authority for some 15 years and had spent several years with narcotics assignments. In the summer months of 1966 the Pima County Attorney's office had undertaken an investigation of the agents of the liquor control department. In connection with this investigation defendant Moore, an investigator with the Pima County Attorney's office, checked the mileage of the cars used by the

liquor agents, including plaintiff's automobile. Essentially the investigation by Moore disclosed that plaintiff had claimed mileage on his 1965 Oldsmobile which did not agree with the readings taken by Moore from the Oldsmobile odometer. Moore's investigation disclosed at least one instance where mileage between Tucson and Nogales was claimed by the plaintiff while his Oldsmobile was in a Tucson repair shop the entire day in question. This investigative information was given to William J. Schafer III who at that time was Chief Deputy County Attorney. Schafer testified at trial that he considered the facts and directed Moore to file a complaint with the Maricopa County Attorney's office because the vouchers which were returned to the State Auditor in Phoenix had the following language. We have emphasized the part which Schafer testified he felt had been violated:

> "I hereby certify that the travel above was accomplished in the performance of official duties, *that the information given above is true in all respects* and that no claim against the State has before been made for any part thereof". (emphasis supplied)

Prior to the filing of the complaint a conference was held at the Maricopa County Attorney's office during which Robert Corbin and Moise Berger, then the County Attorney and Chief Deputy County Attorney respectively, also were convinced that there had been a violation of A.R.S. § 13–317 which states:

> "A person who, with intent to defraud, presents a false or fraudulent claim, bill, account, voucher or writing for allowance or payment to a public board or officer authorized to pay them when genuine, is guilty of a felony."

Subsequently a hearing under Rule 1, Rules of Criminal Procedure, 17 A.R.S., was held before Judge Frank X. Gordon, Jr., sitting in Maricopa County, at which time he issued a warrant for the arrest of the plaintiff. Plaintiff's attorney in the criminal charge, Mr. Patrick Eldridge, testified that he was unsuccessful in obtaining a preliminary hearing for his client apparently because a special action had been lodged before the Arizona Supreme Court which in essence questioned the propriety of preliminary hearings on companion cases filed against other liquor agents for similar statutory violations. See State v. Murry, 102 Ariz. 184, 427 P.2d 135 (1967). Defendants contend that the aforementioned dismissal of the charges under these circumstances was not a favorable determination on the merits. Also, on appeal they seek the affirmance of the trial court's order because the other allegations of the complaint were not proven.

Plaintiff testified that because of the undercover nature of his work he oftentimes borrowed older model cars than his 1965 Oldsmobile to be used during surveillances. He stated that this practice was common in his office, and in fact his immediate supervisor knew that he used other cars and had told him that if he did use another person's automobile he should claim the mileage on his own car to facilitate the filling out or completion of the voucher forms. Plaintiff further testified that regarding the trip to Nogales he actually did drive the distances claimed, but that day he used his girl friend's older model vehicle. It was his practice, he stated, to fill the car with gas after using it, or to make incidental repairs such as the charging of a battery or the changing of a tire on the borrowed car. He did not pay the owners for the use of the borrowed vehicles.

Additional facts are that Mr. Schafer testified on cross-examination that the investigation was initiated primarily because the information supplied on the voucher forms was not true in all respects. He further testified that for his investigative purposes he did not consider it important that Hymer actually traveled the miles; that Hymer was an undercover agent who needed different cars for his work; and that he was told by his superiors to submit the vouchers in the manner that he did.

On appeal we are asked to determine whether, upon the record, the allegations

necessary for a cause of action in malicious prosecution have been proven. On several occasions Arizona courts have stated the following elements must be pleaded and proven by the plaintiff: (1) criminal charged initiated by the defendant; (2) a favorable determination for the plaintiff; (3) want of probable cause in the initiation of the proceedings; and (4) malice. Wisniski v. Ong, 84 Ariz. 372, 329 P.2d 1097 (1958); Visco v. First National Bank of Arizona, 3 Ariz.App. 504, 415 P.2d 902 (1966); Meadows v. Grant, 15 Ariz.App. 104, 486 P.2d 216 (1971).

Reduced to barest bones, the issue then becomes whether the Pima County Attorney had probable cause to file a complaint against the plaintiff. Probable cause has been defined as a reasonable belief that an offense has been committed so as to warrant an ordinarily prudent man to institute a proceeding. Overson v. Lynch, 83 Ariz. 158, 317 P.2d 948 (1957).

It has been stated that if probable cause to initiate the criminal charge exists, it is a complete defense to the subsequent malicious prosecution action. McClinton v. Rice, 76 Ariz. 358, 265 P.2d 425 (1953). Probable cause in the instant case was a matter of law because the facts surrounding the filing of the charges as presented on appeal are essentially uncontested because the defendants never were required to present their case. See McClinton v. Rice, supra.

In Todd v. Melcher, 11 Ariz.App. 157, 462 P.2d 850 (1969), it was stated that:

"If a full and truthful disclosure has been made to a licensed attorney by a potential complainant having no reason to distrust the advice of such counsel, and if the attorney advised the complainant that the conduct so disclosed constitutes a criminal offense, existence of the complainant's probable cause is established as a matter of law. Wisniski v. Ong, 84 Ariz. 372, 329 P.2d 1097 (1958); Tate v. Connel, 3 Ariz.App. 534, 416 P. 2d 213 (1966). This is especially true where, as here, the attorney consulted is a public official charged by law with prosecuting the type of offense involved. Tate v. Connel, supra." 11 Ariz.App. at 159, 462 P.2d at 852.

It is the opinion of the Court that probable cause existed to file the criminal complaint by defendant Moore against the plaintiff when an investigation of the Liquor Control Board initially ordered by a Superior Court judge disclosed errors on the voucher forms submitted knowingly and intentionally by the plaintiff, one of the employees of said Liquor Control Board. This information was fully and accurately disclosed to Mr. Schafer, the then Chief Deputy County Attorney, by defendant Robert Moore. Mr. Schafer sought the advice of two attorneys in the Maricopa County Attorney's office before filing the complaint. Furthermore, the complaint was taken before a Superior Court judge sitting as a magistrate who conducted a Rule 1 hearing and subsequently issued a warrant for the arrest of the plaintiff. Whether the plaintiff would have ultimately been convicted of a violation of A.R.S. § 13–317 is not material.

The determination that there was probable cause to file the criminal complaint against the plaintiff is dispositive of the appeal, and the remaining questions presented to this Court need not be answered.

*Affirmed.*

STEVENS, P. J., and CASE, J., concur.