No. 89-626

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

WILLIAM R. HILL and CAROL N. HILL,

Plaintiffs and Respondents,

-v-

CLAUDE I. BURLINGAME, CHESTER LAMOREAUX,
WAYNE KASWORK, DEPARTMENT OF FISH,
WILDLIFE AND PARKS OF THE STATE OF
MONTANA,

Defendants and Appellants.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

W.D.Hutchison, Agency Legal Services Bureau, Helena,
Montana

For Respondent:

Edward A. Cummings, Missoula, Montana

Submitted on Briefs:   June 20, 1990

Decided:   August 29, 1990

FILED
'90 AUG 29 AM 11 21
ED SMITH, CLERK
MONTANA SUPREME COURT
Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The defendants Chester Lamoreaux, Wayne Kasworm, and the Montana Department of Fish Wildlife and Parks (FWP) appeal the order of the Twentieth Judicial District Court, Sanders County, denying their motion for summary judgment, and the District Court's subsequent judgment and verdict awarding the plaintiffs $107,000.00 on their malicious prosecution claim. The claim arose from an acquittal on criminal charges filed by FWP's warden Lamoreaux for the alleged illegal killing of a grizzly bear by the plaintiffs' hunting clients. We affirm.

Defendants raise the following issues on appeal:

(1) Did the District Court err in denying the defendants' motion for summary judgment to dismiss the malicious prosecution claim on the grounds that game wardens are not entitled to prosecutorial immunity?

(2) Did the District Court err in refusing to give the State's proposed instruction on "advice of counsel", an affirmative defense to a malicious prosecution claim?

The plaintiff William R. Hill is a self-employed guide and outfitter. While guiding two archery hunters on an elk hunt his hunting party encountered a grizzly bear. The bear had previously been trapped by defendant Kasworm of FWP for study purposes and was released with a broken jaw. Hill and his clients maintain that the bear charged them and that the hunters shot and killed the bear with their bows at close range in self defense. Hill immediately reported the incident to FWP and its game warden, defendant

2

Lamoreaux. Lamoreaux filed and prosecuted criminal charges against Hill's clients for illegally killing a grizzly and against Hill under the outfitter equal responsibility law. A jury acquitted Hill and his clients on all criminal charges.

Hill filed a claim for malicious prosecution against Lamoreaux and FWP, a negligence claim against Kasworm for allegedly injuring and then releasing the grizzly, and a claim for libel and slander against county attorney Claude Burlingame, among other claims. The plaintiffs settled their claim against defendant Burlingame prior to trial. The State moved for summary judgment on the malicious prosecution claim on the grounds that defendant Lamoreaux was entitled to prosecutorial immunity because he consulted with the county attorney before filing charges against Hill. The District Court denied the motion. At trial the District Court also refused the State's proposed instruction No. 15 on the affirmative defense of "advice of counsel." A jury returned a verdict in favor of the plaintiffs in the amount of $107,000.00 on the malicious prosecution claim against FWP and Lamoreaux, and found no liability against defendant Kasworm. The defendants FWP and Lamoreaux now appeal.

First, we note that the State's contention that Warden Lamoreaux is entitled to "prosecutorial immunity" is without merit. In Orser v. State (1978), 178 Mont. 126, 582 P.2d 1227, we held that a "more limited form of immunity, rather than the absolute immunity which is afforded to prosecutors . . . applies to law enforcement officers, including state game wardens." Orser, 582

P.2d at 1232. We also noted that "[t]he common law has never granted police officers an absolute and unqualified immunity." Orser, supra, citing Pierson v. Ray (1967), 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 295. The statutory provisions governing the powers and duties of game wardens limit the warden's role to that of an investigator and enforcer of the fish and game laws; the statutes do not prescribe for the warden to function as a prosecutor. See §§ 87-1-501 through 514, MCA. Thus, prosecutorial immunity does not apply to game wardens.

While a warden is not entitled to prosecutorial immunity, in essence the State is actually arguing that Warden Lamoreaux is entitled to the affirmative defense of "advice of counsel" which may be available to a defendant in a malicious prosecution case. See generally Annotation, Reliance On Advice of Prosecuting Attorney as Defense to Malicious Prosecution Action, 10 A.L.R.2d 1215. The State then alleges that the District Court erred in refusing to give an instruction on the elements of the affirmative defense.

We disagree. In order to warrant an instruction on advice of counsel it is the defendant's burden to establish a prima facie defense:

> In order for the defendant to avail himself of the defense of advice of counsel, it must appear that he fully and fairly presented to counsel all of the facts within his knowledge. . . . And it is a question of fact for the jury whether the defendant fairly communicated to his counsel all of the facts which he knew or ought to have known, and whether he acted in good faith upon the advise received, where different conclusions may be drawn from the evidence. When the facts in the case, and those laid before the attorney, are all in evidence,

4

the jury may determine whether the statement was full and fair. . . .

Cornner v. Hamilton (1922), 62 Mont. 239, 244, 204 P. 489, 491. (Citations omitted.) Thus, it is insufficient for the defendant to describe the factual allegations underlying the prosecution and then to testify generally that all such facts were conveyed to the prosecutor. The defendant must specifically testify as to the details of the information conveyed to the prosecutor at that time:

> If the first question was intended . . . to elicit the answer that the complaining witness made a full and fair disclosure of the facts, without stating what facts he disclosed, the objection was well taken, for a complaining witness is not permitted to testify that he related all of the facts and circumstances, without stating what they were.

Beadle v. Harrison (1920), 58 Mont. 606, 612, 194 P. 134, 135. See also Wisniski v. Ogg (1958), 84 Ariz. 372, 329 P.2d 1097, 1099; Crow v. United States (D.Kan. 1987), 659 F.Supp. 556, 575.

In the case at bar, Warden Lamoreaux testified concerning his investigation and what facts he believed might establish the necessary probable cause to charge Hill. Later, he testified concerning his meeting with the prosecutor:

> . . . We went over the whole evidence. We talked about everything. We went over the whole thing.
>
>     . . .
>
> Q: So you told Mr. Burlingame everything that you knew about the case and all about your investigation?
>
> A: That's correct.
>
> Q: Full disclosure of that to Mr. Burlingame?
>
> A: That's correct.

5

Such testimony is insufficient to warrant an instruction on the defense because Lamoreaux did not testify specifically about the factual details related to the county attorney. Thus the jury was not afforded an opportunity to determine whether full and fair disclosure of the facts of the case was actually made to the county attorney. The State failed to elicit the necessary facts to warrant giving an instruction on advice of counsel, thus the District Court properly refused the State's proposed instruction on the affirmative defense.

**AFFIRMED.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6