[Civ. No. 11349. Second Appellate District, Division Two.—May 26, 1937.]

ANNA MAE MOODY, Respondent, v. BOARD OF TRUS-
TEES OF THE WHITTIER CITY SCHOOL DIS-
TRICT, etc., et al., Appellants.

Everett W. Mattoon, County Counsel, and W. B. McKesson, Deputy County Counsel, for Appellants.

Tanner, Odell & Taft for Respondent.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiff after trial before the court without a jury in an action requesting her reinstatement as a teacher and requiring defendant school district to pay her a salary in the sum of $150 per month for September, October, and November, 1934.

The material facts are these:

Plaintiff, a permanent teacher employed by defendant school district, was suspended by the board of trustees on March 30, 1934.

August 31, 1934, after a hearing before the board of trustees, said board sustained the discharge of plaintiff. She thereafter appealed to the state superintendent of public instruction, and he confirmed the action of the board of trustees in dismissing her.

Plaintiff then filed a petition in the superior court for a writ of mandate to compel defendant board of trustees to reinstate her as a permanent teacher of defendant school district. After a full and fair trial, the superior court found the charge that plaintiff had persisted in violating a rule adopted by defendant school district prohibiting teachers from inflicting corporal punishment upon pupils under their charge was not true.

This is the sole question presented for determination:

*Was there substantial evidence to sustain the trial court's finding that the board of trustees of defendant school district had not adopted a rule prohibiting teachers of the district from inflicting corporal punishment upon pupils under their charge?*

This question must be answered in the affirmative. The law is settled that under the 1929 School Code, which, as amended, was in effect when the facts in the present case transpired, a permanent teacher dismissed by a board of trustees may apply to the superior court for a review of the action of the school board in removing her. (School Code, 1929, sec. 5.404.) It is likewise settled that the discharged teacher has the right to have the superior court determine the truth of the charges preferred against her without reference to the decision of the board of trustees as to the merits of said charges; in other words, the trial before the superior court is *de novo* and it is the duty of the trial court to weigh and consider all evidence presented and make appropriate findings thereon. The more restrictive rule which governs when a court is acting in an appellate capacity is inapplicable, to wit, that, if there is any substantial evidence to sustain the finding of the *nisi prius* court, the finding will not be disturbed on appeal. (*Saxton* v. *Board of Education,* 206 Cal. 758, 765, 769 [276 Pac. 998].)

■ We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain the finding of fact set forth, *supra,* and each and every other material finding of fact upon which the judgment was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *Koberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The judgment is affirmed.

Crail, P. J., concurred.