419 P.2d 513

**Emmett R. FEIGHNER, Appellant,**

**v.**

**James R. CLARKE, Appellee.***

**No. 8092 P. R.**

Supreme Court of Arizona.

In Banc.

Oct. 26, 1966.

Stockton & Hing, Phoenix, for appellant.

Christy, Kleinman, Peterson, Hoyt & Fuller, Phoenix, for appellee.

LOCKWOOD, Justice.

This case is before us on application for writ of review by Clarke, the plaintiff-appellee below, to review that part of a decision of the Court of Appeals pertaining to the allowance of a counterclaim for attorneys fees by defendant Feighner.

The trial court had entered a judgment against the defendant Feighner in the

* Opinion of the Court of Appeals, Division I, 2 Ariz.App. 286, 408 P.2d 219, vacated.

amount of $4,000.00 plus interest for funds held by the defendant under an escrow or trust agreement. The court also ordered judgment against the defendant on his counterclaim for attorneys fees. The Court of Appeals affirmed the trial court's judgment on plaintiff's complaint but reversed on the issue of the defendant's counterclaim for attorneys fees. It held that an obligation existed on the part of Clarke to pay Feighner for his legal services and remanded the matter to the trial court for determination of the amount of the attorneys fees.

 The plaintiff urges that the issue of attorneys fees was tried by the trial court and since there was sufficient evidence for it to determine the issue against the defendant, this holding should not be disturbed on appeal.

This case involves a written agreement between plaintiff Clarke and one Dallas, which provided that plaintiff was to be the general manager of the Dallas trucking business. It also provided that "Clarke agrees to retain Emmett R. Feighner of Phoenix, Arizona, as attorney for said business." Conflicting evidence was presented to the court on the question of whether Feighner had rendered services as an attorney under the agreement. Clarke denied that Feighner had ever done so. Feighner testified he had had numerous conferences with Clarke about the business from time to time but had no records of them and was vague as to any definite legal services performed, or time involved.

Clarke testified that he had not been represented by Feighner and that he never had any occasion to use any services as an attorney during the time that Clarke operated the business involved, nor did he confer with defendant about any problems which arose in the business. Plaintiff also testified that he did not consult and use the services of any attorney during the period of time involved on any problem connected with the operation of the business, and that he never paid the defendant any fees for services. The defendant, on cross examination, testified that the plaintiff never talked to the defendant about retaining the defendant; nor did he ever submit a statement to plaintiff. He also testified that he had no way to determine how much time he devoted to his alleged work for the plaintiff other than his memory.

 We have repeatedly held that on appeal, the appellate court will not disturb the judgment of the lower court where there is any reasonable testimony to support it. Mahurin v. Schmeck, 95 Ariz. 333, 390 P.2d 576 (1964) ; Lenslite Co. v. Zocher, 95 Ariz. 208, 388 P.2d 421 (1964).

The decision of the Court of Appeals, Division I [2 Ariz.App. 286, 408 P.2d 219 (1965)], is vacated and the judgment of the the trial court is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.