437 P.2d 996

**TUCSON SCHOOL DISTRICT NO. I OF PIMA COUNTY, Arizona, Appellant,**

v.

**James A. SODER, Appellee.**

**No. 2 CA–CIV 472.**

Court of Appeals of Arizona.

March 5, 1968.

Rehearing Denied March 29, 1968.

Review Denied April 30, 1968.

William J. Schafer III, County Atty., Pima County, Lawrence Ollason, Special Deputy County Atty., for appellant.

William Messing, Tucson, for appellee.

MOLLOY, Judge.

Appellee, a "continuing teacher"[1] in a junior high school, was notified on February 10, 1967, by the president of appellant's board of trustees that the superintendent of schools was recommending appellee's employment be terminated, and that appellee not be issued a contract for the school year 1967–1968. After a hearing, appellant's board of trustees voted to not renew appellee's contract for the 1967–1968 school year.

The reasons given for the recommendation of termination were contained in a letter to appellee from a Mr. Hawthorne, appellant's assistant superintendent. The reasons were:

"* * * you do not control your classes. You make practically no effort to gain the students' attention; you seldom attempt to quiet disorder in the classroom."

Appellee, pursuant to A.R.S. § 15–255 (as amended), filed an appeal to the Superior Court of Pima County. The complaint was in two counts, count one charging that appellee was denied due process by the form of the hearing before appellant's board. To count one, the trial judge directed a verdict in favor of appellant, and no appeal is taken therefrom. The jury returned a verdict in favor of Mr. Soder and against appellant-School District No. 1 on count two of appellee's complaint.[2]

---

1. See A.R.S. § 15–251.

2. It is noted that the lower court accorded the parties a trial by jury. The statute, which provides for review of decisions of the school district's board of trustees, reads in pertinent part:

"On appeal, the *court* shall hear and determine the matter de novo * * *."

(Emphasis added) A.R.S. § 15–255, subsec. B (as amended)

No objection has been made to this court, or was raised in the trial court, concerning the propriety of the jury's hearing the cause and returning a verdict, and we do not feel that it is proper for us to determine at this time whether "trial de

It is from judgment on this verdict, as well as from rulings on motions for judgment notwithstanding the verdict and for a new trial that appeal is taken.

The questions presented to us for review are whether, in a trial de novo after an administrative decision to dismiss a continuing teacher, the court is to determine the matter anew and weigh the evidence, and whether, on appeal of that decision, the judgment will be upheld if supported by substantial evidence.

It is appellant's position the jury's verdict was clearly wrong and flagrantly against the weight of the evidence and should, therefore, be reversed, even though based on conflicting evidence. Appellee argues there was ample evidence to support the jury's verdict. At this point, a summary of the testimony is in order.

Although there was competent testimony that appellee was not a good disciplinarian, the following testimony is supportive of the judgment rendered below.

Mildred Galliher, a former student of appellee's, and a graduate of the University of Arizona, said appellee was a fairly good teacher and motivated her to become a student of science. Edgar Wald, a fellow teacher of general science at Townsend Junior High, whose classroom was next door to appellee's, said appellee was well qualified to teach, and that after having observed appellee teaching "dozens of times," he felt appellee's students were "interacting" and "learning." He also said he was not bothered by noise or commotion from appellee's classroom.

Charles Davis, another of appellee's fellow teachers at Townsend Junior High, whose room was located on the other side of appellee's, said he was never disturbed by noise from appellee's classroom. Robert Harris, University of Arizona Professor of Genetics, who is also a "teacher evalu-

ator," [3] who had seen appellee teach, said that appellee was a "capable teacher." Appellee himself testified that he felt he had been and could continue to be a "good teacher" and that a "good teacher" must perforce be a "good disciplinarian."

On appeal from the ruling of the board of trustees, on a trial de novo in the superior court, the court will weigh and consider all the evidence presented, as in any other civil trial. Moody v. Board of Trustees of Whittier City School Dist., 21 Cal.App.2d 171, 68 P.2d 392 (1937). On appeal from that decision, the case must be treated as any other civil case, and the rules applicable thereto will equally apply. See Moody, 68 P.2d 392; and Saxton v. Board of Education, 206 Cal. 758, 276 P. 998 (1929). In a civil case, we will view the evidence in the light which will sustain the verdict. Curlee v. Morris, 72 Ariz. 125, 231 P.2d 752 (1951); Snyder v. Beers, 1 Ariz. App. 497, 405 P.2d 288 (1965). It is the function of the trial court to judge the credibility of the witnesses, and this court is bound by that determination. Tonelson v. Haines, 2 Ariz.App. 127, 406 P.2d 845 (1965). This court will not disturb the lower court's judgment where there is substantial evidence to support it. Feighner v. Clarke, 101 Ariz. 334, 419 P.2d 513 (1966).

We believe there is sufficient evidence in the record from which the jury could reasonably have found for the appellee, and we will not disturb its verdict. Judgment affirmed.

HATHAWAY, C. J., and JOHN P. COLLINS, Superior Court Judge, concur.

Note: Judge HERBERT F. KRUCKER having requested he be relieved from consideration of this matter, Judge JOHN P. COLLINS was called to sit in his stead and participate in the determination of this decision.

novo" to the "court" means the parties may have the matter heard and determined by a jury as of right.

3. Mr. Harris worked "from the University of Arizona to the various school districts in and around Tucson," and principally evaluated "practice teachers."