485 P.2d 3

Andrew WATZEK and Margaret Watzek, his wife; and the City of Phoenix, Arizona, a municipal corporation, Appellants,

v.

Georgia M. WALKER, Appellee.

No. 1 CA–CIV 1285.

Court of Appeals of Arizona, Division 1, Department A.

May 19, 1971.

Rehearing Denied June 16, 1971. Review Denied July 13, 1971.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Mahowald, Phoenix, for appellants.

O'Reilly, Pollock, Pizzo & Brash by Gerald A. Pollock, Phoenix, for appellee.

CASE, Judge.

This is an appeal from a judgment in favor of appellee (plaintiff in the trial court). The parties will be referred to herein as they appeared in the trial court.

Plaintiff, Georgia Walker, filed a complaint on December 18, 1967 alleging false imprisonment and malicious prosecution. The count of false imprisonment was dismissed before trial since it was barred by the one-year statute of limitations. The remaining count of malicious prosecution was tried to a jury which returned a verdict against defendants Watzek and the City of Phoenix for $20,000.00 compensatory damages and $1.00 punitive damages.

The facts are as follows. On July 11, 1966, a negro female entered the Big Ten Market ostensibly to purchase some groceries. At the checkout counter she presented a check in the amount of $113.47 drawn on the Valley National Bank with Agnes P. Jones as payee and Guarantee Reserve Life Insurance Company as maker. Since the customer had no identification from the Valley Bank the cashier took the check to a special services window where a telephonic inquiry was made as to the check's validity. After the store decided not to accept the check the cashier returned to her register and found that the customer had fled leaving the groceries. A stock boy had followed the fleeing woman and recorded the make, model and license number of her car.

Officer Toma of the Phoenix Police Department made the preliminary investigation shortly after the above-mentioned incident. He filed a departmental report stating the time of the incident to be 4:00 P.M. and further stating that the car used in fleeing was registered to an Irma McCoy who resided at a Phoenix address.

On August 5, 1966, Officer Andrew Watzek, a member of the forgery detail of the Phoenix Police Department, made a further investigation of the matter and filed a supplemental departmental report. The testimony at trial revealed that Watzek discussed the case with Officer Robinette who was also a member of the forgery detail. Robinette noted that similar forged checks were being passed by a group of negro persons referred to as the "Burton" group. He supplied Watzek with forty or fifty Arizona drivers licenses with pictures of suspected acquaintances and employees of Kermit Burton. Watzek picked out four or five pictures of negro females from those supplied by Robinette and exhibited them to various store personnel. Robert Spencer, the general manager of the store, told Watzek and also testified that he encountered the forger two or three times while she was shopping and could identify a picture of her. Spencer viewed the photos and selected one of plaintiff as the check passer. Watzek's report requested a complaint be filed charging plaintiff with one count of passing a forged check.

On August 31, 1966, Officer Watzek, on information and belief, swore out a complaint in the West Phoenix Justice Court charging plaintiff with violating Section 13-311 A.R.S. and asked that a warrant be issued for her arrest. Plaintiff was arrested and released on her own recognizance pending preliminary hearing. On September 29, 1966, at the preliminary hearing the complaint was dismissed on motion of the County Attorney. This filing and arrest are not the subject of the law suit. The reason for the dismissal was the failure of a key witness to appear.

On November 22, 1966, Officer Watzek, again on information and belief, swore out a complaint, this time in the Tolleson Justice Court, charging plaintiff with the same crime and again requesting that a

warrant issue for her arrest. On Thanksgiving Day, Miss Walker was arrested at her home and shortly thereafter released on bond. On July 7, 1967, the State presented its evidence at the preliminary hearing and the hearing was continued until August 3, 1967, at which time Miss Walker presented her case. Thereafter, the Court granted defense counsel's motion to dismiss. The instant action followed.

At trial, after the submission of all the evidence, the trial court, as a matter of law, held that a criminal proceeding was instituted by the defendants against plaintiff, that said proceeding terminated in favor of the accused and that the proceeding was instituted without probable cause. The issues presented to the jury were malice and the amount of damages.

■ This Court on appeal will normally not disturb a trial court judgment if there is any reasonable evidence supporting it. Feighner v. Clarke, 101 Ariz. 334, 419 P.2d 513 (1966). Yet, in reviewing questions of law, we are not bound by the findings of the trial court but are free to draw our own legal conclusions from the evidence presented. Tovrea Land and Cattle Company v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966); Guirey, Srnka & Arnold, Architects v. City of Phoenix, 9 Ariz.App. 70, 449 P.2d 306 (1969).

■ Defendants complain that the evidence fails to establish the lack of probable cause and in fact affirmatively shows the existence of probable cause. The Arizona test to determine probable cause in a malicious prosecution action is whether "upon the appearances presented to the defendant, would a reasonably prudent man have instituted or continued the proceeding?" McClinton v. Rice, 76 Ariz. 358, 367, 265 P.2d 425, 431 (1953). The existence of probable cause in a particular case is a question of law to be determined by the court. Sarwark Motor Sales, Inc. v. Woolridge, 88 Ariz. 173, 354 P.2d 34 (1960); Todd v. Melcher, 11 Ariz.App.

157, 462 P.2d 850 (1970). In the instant case Officer Toma, the first officer on the scene, noted that the suspect fled in a car bearing license plates registered to Irma McCoy which plates were assigned to the described vehicle. The followup investigation was done by Officer Watzek. His investigation consisted of exhibiting several photographs of suspected acquaintances of Kermit Burton. Robert Spencer identified the picture of Miss Walker as the one who attempted to pass the check, while the cashier and other witnesses could not make a positive identification. On this information Watzek requested that a complaint issue charging Georgia Walker with one count of passing a forged check. Officer Watzek made no attempt to locate and question Irma McCoy, insert her picture in the sample shown the store employees, investigate plaintiff's whereabouts on the date and time of the incident, attempt to interview plaintiff or request both plaintiff and Irma McCoy to appear in a lineup. In fact the only evidence on which Watzek based his complaint was the photographic identification of the suspect, a negro female by a Caucasion male. In this regard Lawrence Wetzel, Chief of Police of the City of Phoenix, called and qualified as an expert on police procedure, testified that Caucasians are not able to identify negroes as well as they can identify other Caucasians. He further testified that an in-person identification is much more reliable than a photographic identification. He further testified that from a police officer's viewpoint, considering the reports of both Toma and Watzek, Irma McCoy would not be eliminated as a suspect. Thus, it appears that when Watzek signed the complaint there were two suspects, Irma McCoy and Georgia Walker.

We recognize that in the absence of further circumstances, an eyewitness identification of an individual furnishes probable cause to assume the guilt of the party identified. Randleman v. Boeres, 93 Cal. App. 745, 270 P. 374 (1928); Hanna v.

Updike, 210 App.Div. 780, 206 N.Y.S. 809 (1924). But we also recognize the need in some cases for further investigation. The Restatement of Torts discusses the necessity for further investigation in the following comment:

"Circumstances known or believed by the accuser may be incriminating to the accused and yet may not so clearly indicate guilt that a reasonable man would initiate criminal proceedings without investigation. In determining whether an investigation should be made, the following factors are important; the necessity of prompt action to prevent escape; the availability of information other than that in the possession of the accuser; the existence of a ready opportunity to obtain an explanation from the person accused or to ascertain his reputation; the character of the source from which the accuser's information comes. The accuser may properly be required to make inquiry as to the veracity of his informants where his belief is founded upon their information. He may even be required to distrust the accuracy of his own observations when they are made under such circumstances that they may be suspected of inaccuracy. In all these cases the fact that an investigation might prove dangerous, or the probability that it would be futile, are matters to be taken into account." Restatement of Torts § 662, comment i (1938).

The case sub judice required further investigation. There was no indication of a need for prompt action to prevent the escape of Georgia Walker as she had resided in Arizona for 21 years. The availability of further information has been previously alluded to. We agree with the trial court that the prosecution of plaintiff was initiated with an absence of probable cause.

 Defendants next claim that they established a defense by making full disclosure to the County Attorney. The defense of full disclosure in a malicious prosecution action is established when the potential complainant makes a full and truthful disclosure to a licensed attorney of all material and relevant facts known to him and thereafter proceeds on the attorney's advice. Wisniski v. Ong, 84 Ariz. 372, 329 P.2d 1097 (1958); Todd v. Melcher, supra; Tate v. Connel, 3 Ariz. App. 534, 416 P.2d 213 (1966). The evidence was indeed contradictory as to the facts of the disclosure. Detective Watzek's departmental report, drafted before any discussion with an attorney, requested a complaint charging Georgia Walker with one count of passing a forged check. Testimony of an Assistant County Attorney indicated that it was unusual for an officer to request a complaint and that when present such a request was an important item. On this evidence alone the jury could have found Watzek's initiation of the prosecution to be independent and not based on advice of an attorney. He in fact signed two complaints, the first of which was dismissed due to the failure of a state's witness to appear. Before signing the second complaint the departmental reports, both Watzek's and Toma's, were given to the County Attorney's office. Members of said office located Robert Spencer and confirmed that he could identify Georgia Walker and that he would appear at a preliminary hearing for that purpose. The only information conveyed by Watzek to the County Attorney was his departmental report. The jury had before them the reports and were properly instructed as to the necessity for full truthful disclosure. In light of all the testimony the jury could also easily have found that Watzek's report indicated that he had eliminated Irma McCoy as a suspect when in fact he had not even followed up on any information concerning her, thus not making a full disclosure. We find sufficient evidence to support the jury's decision on this question.

 Defendants also claim the trial court erred in failing to give defense's instruction concerning the full and truthful

disclosure in place of the court's own instruction which they claim to be erroneous. The court's instruction objected to reads:

"The defendants have alleged as an affirmative defense that they in good faith relied upon the advice of the Maricopa County Attorney in the filing of the criminal charge against the plaintiff after making a full and truthful disclosure of the facts to that office in the departmental report of Mr. Toma and Mr. Watzek.

The burden of proof on that defense rests upon the defendants. They have the burden of proving that the County Attorney was given a full and truthful disclosure of all of the material facts relating to the crime and the accused within the accuser's knowledge and information.

There must be a full disclosure of all matters which a reasonable man would regard as material for the prosecutor to know in order that he may give a sound opinion.

If you find in favor of the defendant on that issue, you must return a verdict in favor of the defendants even though the advice received was erroneous."

Defendants argue this is not the law in Arizona. The defense of full and truthful disclosure is a defense which must be pleaded and proved affirmatively by the defendants. 52 Am.Jur.2d, Malicious Prosecution, § 135 (1970). It should also be noted that the defense of full and fair disclosure is of greater importance in cases where the question is whether the conduct complained of constitutes a crime rather than, as the case at bar, where the question dealt with the probability that the particular suspect was in fact the perpetrator. See, Restatement of Torts, § 666, Comment b (1938).

■ Defendants also claim the above instruction together with a comment by the trial judge created the wrongful impression in the mind of the jurors that certain police officers' knowledge could be imputed to other officers. The earlier instruction which occurred at a point before plaintiff testified as to her conversation with members of the Phoenix Police Department other than Detective Watzek, reads in part:

"I am going to overrule the objection, but I am going to tell the jury that we have two defendants, Officer Watzek and the City of Phoenix. The question put to the witness regards a conversation between the witness, the plaintiff, Miss Walker, and Officer Sparks, who is not a party to this case but who at the time was an employee and agent of the City of Phoenix. Anything he may have stated to her would be hearsay as to Officer Watzek. What he knew is not necessarily what Officer Watzek knew; however, what he knew would be the knowledge of the City of Phoenix and attributable to the City as a municipality. You will receive appropriate instructions at a later time concerning the knowledge of an agent and when it is attributable to the City of Phoenix.

I will overrule the objection. It will be admitted for the purpose of evidence against the City of Phoenix."

Plaintiff's counsel at the time of the objection argued that the testimony related to the element of damages, i. e., the degree of plaintiff's personal distress as a result of the prosecution. The testimony was irrelevant. We find its admission into evidence to be harmless error since the court stated that the testimony of Sparks would not be attributable to Watzek, the exact conclusion defendant wished to reiterate in an instruction. Furthermore, we do not agree with the defendants' claim that the above instruction regarding Officer Sparks' testimony was a judicial comment on the evidence as prohibited by Art. 6, Sec. 27 of the Arizona Constitution, A.R. S.

■ The defendants also claim the evidence was insufficient for the jury to find malice. Testimony was introduced

that the true motive in filing the second complaint was to get Kermit Burton. If the instruction hereinafter alluded to was proper no error is present. Defendants urge that the instruction on malice was erroneous in that it said: "Lack of probable cause allows an inference but not necessarily one of malice." Defendants' instruction approved as modified by the court included the words *a mere* immediately preceding the word inference. Defendants claim the omission of said words in the reading of the instruction left the impression in the minds of the jury that if there was no probable cause an inference of malice must be raised. We find that the position cannot be sustained considering the last segment of the sentence which indicates the inference is not necessarily one of malice.

Defendants next contend that the trial court erred in refusing to allow them to show that plaintiff actually committed the crime. The record reflects that Spencer was on the stand apparently prepared to make an in-court identification of plaintiff. Prior to defense counsel's asking Spencer to make such identification, counsel was called to the bench where a discussion was held which was not reported. We cannot speculate as to what was said at this "at bench" conference. The record does reflect that a motion for a mistrial was made the following day based upon the court's alleged refusal to permit this in-court identification. Since defendants made no offer of proof and since the record is silent as to the discussion at the bench, the issue is not before this court for decision.

We find no error in the court's refusal to instruct the jury regarding the defense of proof of guilt since this defense was not affirmatively plead in the answer as required by Ariz.R.Civ.P. 8(d), 16 A.R.S.

Judgment affirmed.

HENRY S. STEVENS, P. J., and DONOFRIO, J., concur.