541 P.2d 550

**Larry SLADE and Rita Slade, husband and wife, Appellants,**

**v.**

**The CITY OF PHOENIX, a Municipal Corporation, Warren Taylor and Jane Taylor, his wife, Appellees.**

**No. 11708.**

Supreme Court of Arizona,
In Division.

Oct. 23, 1975.

Rehearing Denied Nov. 18, 1975.

Philip M. Haggerty, Phoenix, for appellants.

Jennings, Strouss & Salmon by M. Byron Lewis and Stephen A. Myers, Phoenix, for appellees.

HOLOHAN, Justice.

The plaintiffs husband and wife brought an action for malicious prosecution, false arrest and false imprisonment against the defendants, City of Phoenix and Officer Warren Taylor. The trial court granted the motion of the defendants for a directed verdict, and judgment was entered in favor of defendants. This appeal followed. This Court assumed jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The issue presented is whether the trial court erred in granting the motion for directed verdict.

No evidence was actually presented at the trial of this case. The motion for a directed verdict followed the opening statement made by counsel for plaintiffs. This Court has approved the granting of a motion for a directed verdict for the defense following a plaintiff's opening statement when it is apparent that the plaintiff cannot present sufficient evidence to sustain a verdict in his favor. *Scarborough v. Central L. & P. Co.*, 58 Ariz. 51, 117 P.2d 487 (1941); *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970). In granting such a motion the trial court must assume that plaintiff can prove to the satisfaction of the jury every material fact set forth in his opening statement. *Scarborough v. Central L. & P. Co., supra.* In making this assumption, the facts advanced by plaintiff must be viewed in the light most favorable to his position. *Trollope v. Koerner, supra.* To sustain a directed verdict for the defendant based on a legal insufficiency of plaintiff's opening statement it must be clear, after resolving all doubt in plaintiff's favor, that no claim for relief under the pleadings can be established. *Best v. District of Columbia*, 291 U.S. 411, 415, 54 S.Ct. 487, 489 (1934); *Trollope v. Koerner, supra.*

The trial court gave the plaintiffs the opportunity to supplement the opening statement, which they did.

In light of the foregoing standard and the allegations of fact made in plaintiffs' opening and supplemental statements, the evidence would have shown that one Jack Leavins, the ex-husband of plaintiff Rita Slade, made a complaint to defendant Taylor while he was on duty as a police officer for the City of Phoenix. Leavins told defendant Taylor that plaintiff Larry Slade and another man had fired several shots at him with a pellet gun. Leavins gave defendant Taylor the name and address of an alleged eyewitness, and the names of two or three other possible witnesses. Defendant Taylor took notes of the interview which he later used to write a Departmental Report of the incident.

Defendant Taylor did not interview any of the alleged witnesses, nor did any other officer. No further investigation was conducted concerning the incident.

Some eight or nine days later the Departmental Report was sent to the complaint section of the Maricopa County Attorney. Based on the information in the report a deputy county attorney authorized a criminal complaint to be filed against the plaintiff Larry Slade. A complaint was filed in the Justice Court which was signed and sworn to by Leavins as the complainant. A warrant for the arrest of plaintiff Larry Slade was issued. He was arrested on the warrant and confined for approximately ten hours until he furnished bond.

At the preliminary hearing no witnesses appeared against plaintiff Larry Slade, and the charge against him was dismissed.

The plaintiffs expected to prove that the Departmental Report written by defendant Taylor was misleading in that it was written so that it appeared that the independent witness Schooler had been interviewed and confirmed Leavins' report of the shooting. The deputy county attorney, after reading the Departmental Report, thought that the witness had been interviewed by the police officer. Based on the report a complaint was authorized. Without authorization from the county attorney's office the Justice of the Peace would not have allowed the filing of a criminal complaint.

■ The essential elements of malicious prosecution are (1) a criminal prosecution, (2) that terminates in favor of plaintiff, (3) with defendants as prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages. *Overson v. Lynch*, 83 Ariz. 158, 317 P.2d 948 (1957).

■ Closely related to malicious prosecution, but distinct torts, are false arrest and false imprisonment. They may be defined as the detention of a person without his consent and without lawful authority. *Swetnam v. F. W. Woolworth Co.*, 83 Ariz. 189, 318 P.2d 364 (1957). The essential element necessary to constitute either false arrest or false imprisonment is unlawful detention. A detention which occurs pursuant to legal authority, such as a valid warrant, is not an unlawful detention. *Catrone v. 105 Casino Corporation*, 414 P. 2d 106 (Nev.1966). If the arrest or imprisonment has occurred pursuant to valid legal process, the fact that the action was procured maliciously and without probable cause does not constitute false arrest or false imprisonment; the proper remedy under such circumstances is an action for malicious prosecution. *Shipp v. Autoville Limited*, 23 Md.App. 555, 328 A.2d 349 (1974); *Rader v. Parks*, 258 S.W.2d 728 (Ky.1953); 35 C.J.S. False Imprisonment § 27.

■ The offered evidence of the plaintiffs does not support a recovery under the theory of false arrest or false imprisonment. The arrest was accomplished under a duly issued warrant of arrest from a lawful magistrate; plaintiffs do not contend otherwise. There was no unlawful extension of detention following the arrest, and there is no contention that the plaintiff Larry Slade was detained beyond the period allowed by law. There is no evidence of the essential element, unlawful detention, necessary to support an action for either false arrest or false imprisonment.

Under the theory of malicious prosecution, counsel for plaintiffs argue that there are sufficient facts offered which would support each of the elements of that tort. The plaintiffs rely especially upon the case of *Watzek v. Walker*, 14 Ariz.App. 545, 485 P.2d 3 (1971).

The defendants contend that the defendant police officer did not institute the action. They argue that the officer merely passed information on to the public prosecutor. We do not view the role of the officer in such a passive role. *Compare, White v. Chicago, Burlington and Quincy Railroad*, 417 F.2d 941 (1969). We do not feel it necessary to specifically decide this issue because the matter is more clearly resolved under the issue of probable cause.

If there was probable cause to institute a proceeding against the plaintiff Larry Slade, such fact constitutes a complete and absolute defense to an action for malicious prosecution. *McClinton v. Rice*, 76 Ariz. 358, 265 P.2d 425 (1953). Whether a given state of facts constitutes probable cause is always a question of law to be determined by the court. *Murphy v. Russell*, 40 Ariz. 109, 9 P.2d 1020 (1932). Probable cause is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused is guilty of the offense. The test generally applied is whether, upon the appearances presented to the defendant, a reasonably prudent man would have instituted or continued the proceeding. *McClinton v. Rice, supra; Sarwark Motor Sales, Inc. v. Woolridge*, 88 Ariz. 173, 354 P.2d 34 (1960).

Considering the offered facts, we agree with the ruling of the trial court that there was no showing of lack of probable cause. The defendant police officer received the information concerning the alleged assault from the victim. The matters related by the victim were clear and specific, and the victim provided the name of an independent witness. With such information it was reasonable for the officer to believe that the accused had committed an offense. Aided by hindsight, it is suggested that the police officer should have conducted an independent investigation of the complaint since there was no urgency in filing a criminal case. Additional investigation might have avoided the mistake in this case, but this position confuses the ideal with the minimum. Police depend upon the information furnished by citizens, and, unless the contrary appears, they should be able to depend upon the presumption that men speak the truth.

Unlike the facts in *Watzek v. Walker, supra*, there was no question of mistaken identity of the assailant. As *Watzek* points out, " . . . in the absence of further circumstances, an eyewitness identification of an individual furnishes probable cause to assume the guilt of the party identified." In the case at issue there was an absence of circumstances to cast doubt on the information given by the alleged victim.

Counsel for plaintiffs has pointed out that the report by the defendant officer was false, or at least contained a misstatement of fact, in that it was written so that it appeared that the officer had in fact interviewed the independent witness, and this had not occurred. Such an act is reprehensible, but it does not change the fact that the information upon which the officer acted furnished probable cause. His later improper act in writing a misleading report does not change the result. The acts of the officer concerning the report may constitute another tort, but they do not constitute malicious prosecution.

Judgment affirmed.

CAMERON, C. J., and HAYS, J., concur.