NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ESTELLA MEDRANO, individually; LILLIANA VALENCIA,
a minor child, individually, *Plaintiffs/Appellants,*

*v.*

CITY OF PHOENIX, an Arizona municipality and political subdivision of
the State of Arizona; JOE YAHNER, acting Chief of Police, and JANE DOE
YAHNER, husband and wife; ROBERT DIVENTI and JANE DOE
DIVENTI, husband and wife; DAVID HOUGH and JANE DOE HOUGH,
husband and wife; AARON KRISS and JANE DOE KRISS, husband and
wife; BENJAMIN DENHAM and JANE DOE DENHAM, husband and
wife; PAMELA ZIELIN and JOHN DOE ZIELIN, wife and husband;
MYKEL MOLLER and JANE DOE MOLLER, husband and wife,
*Defendants/Appellees.*

No. 1 CA-CV 13-0484

FILED 10-30-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-009943
The Honorable Arthur T. Anderson, Judge

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

COUNSEL

Aiken Schenk Hawkins & Ricciardi, PC, Phoenix
By Alfred W. Ricciardi, James M. Cool, Stephanie McCoy Loquvam
*Counsel for Plaintiffs/Appellants*

Berke Law Firm, PLLC, Phoenix
By Lori V. Berke, Jody C. Corbett
*Counsel for Defendants/Appellees Phoenix Police Department, Yahner, Hough, Kriss, Denham, Sielin, and Moller*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

---

**T H U M M A**, Judge:

**¶1** Plaintiffs Estella Medrano and her minor daughter Lilliana Valencia appeal from the dismissal of their tort claims as time barred and for failure to state a claim. As explained below, the dismissal is affirmed in part and reversed in part and this matter is remanded for further proceedings.

### BACKGROUND[1]

**¶2** A man and woman robbed a Phoenix Circle K store at gunpoint after sunset on May 18, 2011. They fired no shots, took $35 from the cash register and fled on foot. A Phoenix police officer unsuccessfully pursued two suspects near the store. An hour later, officers located and arrested Medrano's former husband Miguel Hernandez. Hernandez' fingerprint matched a print found on the store's cash drawer.

**¶3** After comparing the store's surveillance tape and a four year old driver's license photo of Medrano, a police officer identified Medrano as the woman involved in the robbery. Using a photo line-up, another officer identified Medrano as the woman involved. When shown the same photo line-up, the store clerk did not identify Medrano.

---

[1] In reviewing the grant of a motion to dismiss for failure to state a claim, this court assumes the truth of all well-pleaded facts alleged in the complaint. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4, 954 P.2d 580, 582 (1998).

**¶4** On May 21, 2011, two other officers arrested Medrano. Medrano claimed innocence and provided fingerprint and DNA samples. Medrano also told police that she believed Hernandez' girlfriend, who she named, was the woman involved in the robbery. At the time of Medrano's arrest, her daughter Lilliana was about six weeks old.

**¶5** Within hours of her arrest, Medrano made her initial appearance before a judicial officer on a charge of armed robbery in violation of Arizona Revised Statutes (A.R.S.) section 13-1904(A) (2014).[2] Medrano alleges she remained in the Maricopa County Jail until August 10, 2011, when she was "released from jail and placed on" house arrest. Medrano alleges she "was released from custody and cleared of all charges" on November 3, 2011.

**¶6** On February 6, 2012, Medrano and Lilliana served on defendants (police officers alleged to be involved) a notice of claim pursuant to A.R.S. § 12-821.01. On July 13, 2012, Medrano and Lilliana filed their complaint, alleging malicious prosecution (Count One), loss of consortium (Count Two), false arrest and imprisonment (Count Three), intentional infliction of emotional distress (Count Four), negligent infliction of emotional distress (Count Five), negligence (Count Six), and negligence per se (Count Seven).

**¶7** Defendants moved to dismiss the claims for failure to state a claim arguing (1) all claims (other than the malicious prosecution claim) were time-barred under A.R.S. §§ 12-821 and 12-821.01, and (2) many claims failed to state a claim. Following briefing and oral argument, the superior court granted the motion and entered a judgment reflecting that ruling.[3]

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[3] The notice of claim and complaint also made allegations against other individuals and entities collectively referred to here as the County Defendants. The superior court granted the County Defendants' motion for judgment on the pleadings; the judgment dismissed the action in its entirety and Plaintiffs did not appeal that portion of the judgment in favor of the County Defendants. Accordingly, the County Defendants are not parties to this appeal and, as to them, the judgment is final.

**¶8** From plaintiffs' timely appeal this court has jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[4]

## DISCUSSION

### I. Medrano's False Arrest And Imprisonment Claims (Count Three) Are Time-Barred As A Matter Of Law.

**¶9** A person with a claim against a public entity or employee must file a notice of claim within 180 days of accrual. A.R.S. § 12-821.01(A). Failure to comply with this requirement means the claim is time-barred. *Jones v. Cochise County*, 218 Ariz. 372, 375 ¶ 6, 187 P.3d 97, 100 (App. 2008). Accrual occurs "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). This provision creates a discovery rule for a notice of claim. *See Little v. State*, 225 Ariz. 466, 469 ¶ 9, 240 P.3d 861, 864 (App. 2010). Medrano argues that her false arrest and false imprisonment claims are not time-barred, an issue this court reviews de novo. *See Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7, 284 P.3d 863, 866 (2012).

**¶10** Because her notice of claim was filed on February 6, 2012, Medrano's false arrest and imprisonment claims are time-barred unless they accrued on or after August 10, 2011. False arrest and imprisonment consist of non-consensual detention of a person "without lawful authority." *Slade v. City of Phoenix*, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975). Claims for false arrest and imprisonment accrue on the date of the arrest. *See Hansen v. Stoll*, 130 Ariz. 454, 460, 636 P.2d 1236, 1242 (App. 1981); *Rondelli v. Pima County*, 120 Ariz. 483, 485, 586 P.2d 1295, 1297 (App. 1978). More precisely, "[r]eflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he [or she] is bound over by a magistrate or arraigned on charges." *Wallace*

---

[4] Because it is a non-jural entity that cannot be sued, the Phoenix Police Department was dismissed as a putative party and, as to the parties involved in this appeal, the superior court also dismissed claims for punitive damages and attorneys' fees. Those determinations are not challenged in this appeal, meaning plaintiffs have waived the right to challenge them. *See Dawson v. Withycombe*, 216 Ariz. 84, 111 ¶ 91, 163 P.3d 1034, 1061 (App. 2007).

*v. Kato*, 549 U.S. 384, 389 (2007) (citing authority). Here, Medrano was arrested on May 21, 2011 and had her initial appearance hours after her arrest.[5] Her February 6, 2012 notice of claim was not filed within 180 days of May 21, 2011 as required by A.R.S. § 12-821.01(A).

**¶11**     Medrano contends that this claim did not accrue on May 21, 2011 because she "was always held without the requisite probable cause." Even the absence of probable cause, however, does not delay the accrual date for a false imprisonment or false arrest claim. *See Wallace*, 549 U.S. at 389–90. Moreover, Medrano has not supported with any relevant authority her argument that finding the date of her arrest/initial appearance as the date of accrual would be unconstitutionally inconsistent with her right against self-incrimination. Accordingly, the superior court properly dismissed as time-barred under A.R.S. § 12-821.01(A) Medrano's claim for false arrest and false imprisonment (Count Three).

**II.    Medrano's Negligence, Negligence Per Se, Intentional Infliction Of Emotional Distress And Negligent Infliction of Emotional Distress Claims (Counts Four Through Seven) Are Time-Barred In Part.**

**¶12**     The superior court concluded that A.R.S. § 12-821.01 barred Medrano's negligence, negligence per se, and negligent and intentional infliction of emotional distress claims (Counts Four through Seven) because they accrued prior to August 10, 2011, when Medrano was released from jail on house arrest. Medrano challenges this finding on four grounds.

**¶13**     First, Medrano argues that the "continuing tort" rule should apply to these claims. The "continuing tort" rule provides that, "under certain conditions a tort is continuous, and in such cases the limitations period does not commence until the date of the last tortious act." *Floyd v. Donahue*, 186 Ariz. 409, 413, 923 P.2d 875, 879 (App. 1996) (dicta; rejecting application of rule to repeated sexual assault claims). Arizona's continuing tort rule, however, has been limited to continuing trespass and continuing nuisance claims, neither of which are made in this case. *See, e.g., Garcia v. Sumrall*, 58 Ariz. 526, 533, 121 P.2d 640, 643 (1942) (continuing trespass to property); *Fix v. Union Pacific R.R. Co.*, 982 F. Supp.

---

[5] Without objection, in considering defendants' motion to dismiss, the superior court properly considered documents from Medrano's initial appearance. *Coleman*, 230 Ariz. at 356 ¶ 9, 284 P.3d at 867.

2d 1052, 1056 (D. Ariz. 2013) (continuing nuisance claim under Arizona law). Medrano cites no case applying the continuing tort rule to negligence or emotional distress claims under Arizona law.

**¶14**        Second, Medrano argues that if her false arrest and imprisonment claims are timely, her negligence and emotional distress claims are timely because a contrary conclusion "would lead to an absurd result." Because Medrano's false arrest and imprisonment claims are time-barred, however, the factual predicate for this argument is lacking.

**¶15**        Third, Medrano claims that her confinement justifies equitable tolling. When applicable, equitable tolling permits a plaintiff to sue "after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *McCloud v. State*, 217 Ariz. 82, 87 ¶ 11, 170 P.3d 691, 696 (App. 2007). Equitable tolling, however, applies only in extraordinary circumstances, such as when a plaintiff receives inadequate notice of the right to sue or is misled into believing she has done everything required to preserve her claim. *See id.* at 87 ¶ 13, 170 P.3d at 696. The fact of imprisonment alone does not suffice. *See* A.R.S. § 12-502, Hist. & Stat. Notes (1996) (discussing amendment removing subpart (b) of statute, which delayed accrual of cause of action for being "imprisoned"). Accordingly, the superior court properly concluded that imprisonment is not an extraordinary circumstance excusing Medrano's failure to make a timely notice of claim for allegations pre-dating August 10, 2011.

**¶16**        Finally, Medrano argues that her negligence and emotional distress claims are timely to the extent that they arise out of actions and omissions that occurred "on or after August 10, 2011." The superior court found that "[a]ll of the actions that formed the basis of these claims occurred prior to [Medrano's] release from jail." More broadly, defendants argue on appeal that "[a]ll of the alleged acts and omissions" by defendants "occurred prior to August 10, 2011." It may be that all of the alleged actions pre-date August 10, 2011.[6] As Medrano argued before the

---

[6] The one exception may be the allegation that "[s]everal months" after her arrest, "while she was still in police custody, the [Phoenix Police Department]'s lead case agent told . . . Medrano's defense counsel that the [Phoenix Police Department] was '70% sure' that Ms. Medrano was not involved in the armed robbery." Although it is unclear from the complaint precisely when that statement was made, Medrano appears to take the position that the alleged statement occurred before August 10, 2011.

superior court and on appeal, however, the complaint alleges and challenges omissions or the failure to act by defendants on or after August 10, 2011. Accordingly, as to those alleged omissions, these claims are not time-barred.

¶17        Construing the facts in the light most favorable to Medrano, the February 6, 2012 notice of claim was timely for the negligence and emotional distress claims (Counts Four through Seven) to the extent those claims are based on alleged actions or omissions that occurred on or after August 10, 2011. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7, 189 P.3d 344, 346 (2008) (holding court must "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom"). To the extent those claims are based on alleged actions or omissions that occurred on or before August 9, 2011, however, those claims are time-barred. Accordingly, the superior court's dismissal of Counts Four, Five, Six and Seven is affirmed in part and reversed in part.

### III.    Medrano's Malicious Prosecution Claim (Count One) Does Not Fail To State A Claim Upon Which Relief Can Be Granted.

¶18        "A malicious prosecution claim accrues when the prior proceedings have terminated in the defendant's favor. If such an action is filed prior to favorable termination of the proceedings, the action is premature and subject to dismissal." *Nataros v. Superior Court*, 113 Ariz. 498, 500, 557 P.2d 1055, 1057 (1976); *accord Moran v. Klatzke*, 140 Ariz. 489, 490, 682 P.2d 1156, 1157 (App. 1984) (citing cases). Because the complaint alleges the criminal case was not terminated in Medrano's favor until November 3, 2011, the February 6, 2012 notice of claim was timely as to Medrano's malicious prosecution claim (Count One). *See* A.R.S. § 12-821.01(A).

¶19        Defendants argued, and the superior court found, that the malicious prosecution claim failed as a matter of law because it did not allege that the defendants "exercised any control over the prosecution after the case was turned over to the Maricopa County Attorney's Office." Medrano challenges this finding on appeal.

¶20        Under Arizona law, a malicious prosecution claim requires a plaintiff to allege and prove "(1) that there was a prosecution, (2) that it terminated in favor of plaintiff, (3) that defendants were prosecutors, (4) that they were actuated by malice, (5) that there was want of probable cause, and (6) the amount of damages sustained." *Overson v. Lynch*, 83 Ariz. 158, 161, 317 P.2d 948, 949 (1957). In assessing whether a malicious

prosecution claim is properly alleged, a person is a "prosecutor" if he or she initiated the criminal prosecution without probable cause (including through an indictment, complaint, arrest warrant or by actual arrest) or continued proceedings without probable cause. *See Lacey v. Maricopa County*, 649 F.3d 1118, 1133 n.7, 1134 (9th Cir. 2011) (citing authority); *Watzek v. Walker*, 14 Ariz. App. 545, 549, 485 P.2d 3, 7 (1971); *Walsh v. Eberlein*, 114 Ariz. 342, 345, 560 P.2d 1249, 1252 (App. 1976). "Where the instigator of a proceeding loses control over the case once the prosecution has been initiated, his participation in the prosecution *thereafter* is not such as will subject him to liability." *Walsh*, 114 Ariz. at 345, 560 P.2d at 1252 (emphasis added; citing authority).

**¶21**　　　　The complaint here alleges that defendants initiated the criminal prosecution without probable cause "[a]t all times relevant," including by arresting Medrano on May 21, 2011. Unlike the other claims discussed above, given the nature of a malicious prosecution claim, Medrano's allegations, including the pre-August 10, 2011 allegations, are timely and adequately allege actions by defendants. Accordingly, control of the case after it was filed is not relevant to actions taken by defendants in arresting Medrano. In this respect, the malicious prosecution claim does not fail to state a claim upon which relief can be granted.

**¶22**　　　　Although it may be that the defendants lost "any control over the criminal prosecution of . . . Medrano after the case was turned over to the Maricopa County Attorneys' Office," that does not immunize defendants for their actions in arresting Medrano. Indeed, the case relied upon by defendants discussed an argument where the party pressing a malicious prosecution claim "urge[d] that even assuming there existed sufficient probable cause to institute the prosecution, there was a lack of probable cause for continuation once" certain facts became known. *Walsh*, 114 Ariz. at 345, 560 P.2d at 1152. Here, by contrast, Medrano argues that there was never probable cause for her arrest or the criminal charge made against her.

**¶23**　　　　Construing the allegations in the light most favorable to Medrano, the complaint sufficiently alleges that defendants "instituted and/or continued the criminal prosecution of" Medrano and had continuing involvement and control. *See Cullen*, 218 Ariz. at 419 ¶ 7, 189 P.3d at 346 ("The inclusion of conclusory statements does not invalidate a complaint, but a complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard"). Accordingly, defendants have not shown that Medrano's malicious prosecution claim (Count One) fails as a matter of law.

## IV. Lilliana's Loss of Consortium Claim (Count Two) Is Not Barred As A Matter Of Law In Its Entirety.

¶24　　　The superior court dismissed Lilliana's derivative loss of consortium claim (Count Two) because Medrano's claims had been dismissed. As noted above, however, not all of Medrano's claims are barred as a matter of law in their entirety. Accordingly, although affirming the dismissal of Lilliana's loss of consortium claim to the extent it is based on Medrano's false arrest and imprisonment claims (Count Three) and those portions of her negligence and emotional distress claims (Counts Four, Five, Six and Seven) that are time-barred, to the extent that Liliana's loss of consortium claim is based on Medrano's claims that remain viable, the dismissal is vacated.

* * * * *

¶25　　　In vacating in part and remanding, this court expresses no view on the factual merit of claims that remain to be resolved or defendants' defenses. In addition, the superior court was presented with arguments that were not addressed and that this court, in turn, does not address or resolve. Instead, recognizing the limited factual inquiry of a motion to dismiss, the court vacates in part and remands because the current record leaves unresolvable as a matter of law the issues discussed above. This court leaves those factual issues for resolution on remand, be it through subsequent motion practice or trial.

**CONCLUSION**

**¶26** The superior court's dismissal of Medrano's false arrest and false imprisonment claims (Count Three) is affirmed. The dismissal of Medrano's negligence, negligence per se, intentional infliction of emotional distress and negligent infliction of emotional distress claims (Counts Four, Five, Six and Seven) is affirmed as to any portion of those claims based on actions or omissions occurring on or before August 9, 2011. The remainder of the order dismissing the claims by Medrano (including her malicious prosecution claim (Count One)), and Lilliana's derivative claims, against defendants is vacated as reflected above and this matter is remanded for further proceedings not inconsistent with this decision. Medrano and Lilliana are awarded their taxable costs on appeal contingent upon their compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.



Ruth A. Willingham · Clerk of the Court
F I L E D : 10/30/2014