**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER MICHAEL PALMER,

  Plaintiff - Appellant,

v.

GLENN A. SAVONA, individually and in his official capacity as Prescott City Prosecutor and husband; et al.,

  Defendants - Appellees.

No. 13-17261

D.C. No. 3:10-cv-08209-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Peter Michael Palmer appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging malicious prosecution and related

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Palmer's state and federal malicious prosecution claims was proper because Palmer failed to allege facts sufficient to show that defendants acted with malice. *See Lacey*, 693 F.3d at 919 (elements of malicious prosecution claim under § 1983); *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975) (elements of malicious prosecution claim under state law).

The district court properly dismissed Palmer's Fourth Amendment claim because Palmer failed to allege facts sufficient to show that his pretrial release restrictions relating to a misdemeanor charge were more than de minimus. *See Karam v. City of Burbank*, 352 F.3d 1188, 1193-94 (9th Cir. 2003) (concluding that there was no Fourth Amendment seizure where the plaintiff's pretrial release restrictions were de minimus).

The district court properly dismissed Palmer's abuse of process claim because Palmer failed to allege facts sufficient to show that defendants' primary motive for prosecuting Palmer was improper. *See Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 889 (Ariz. Ct. App. 2004) (elements of an abuse of process claim).

Dismissal of Palmer's Fourteenth Amendment due process claim was proper because there is no "substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause." *Albright v. Oliver*, 510 U.S. 266, 268 (1994).

Dismissal of Palmer's Second Amendment claim was proper because the issue of whether the release condition violated the Second Amendment was already litigated in Palmer's prior criminal state action. *See Matter of Lockard*, 884 F.2d 1171, 1174-75 (9th Cir. 1989) (elements of issue preclusion under Arizona state law).

The district court properly dismissed Palmer's false light claim because Palmer did not allege facts sufficient to show that defendants made a "major misrepresentation of [Palmer's] character, history, activities or beliefs." *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 784, 786-87 (Ariz. 1989) (citation and internal quotation marks omitted) (elements of false light invasion of privacy claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (a pro se plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by dismissing without leave to amend because the deficiencies in Palmer's amended complaint could not be cured

13-17261

by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Palmer's request to amend his complaint, set forth in his opening brief, is denied.

Defendants' request for costs and fees, set forth in their answering brief, is denied without prejudice to filing a timely motion for attorney's fees and a bill of costs.

**AFFIRMED.**