NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNATHAN ARTHUR FIELDS, | No. 19-17490 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02863-GMS |
| v. | |
| JUSTIN MCQUEEN, #8063; Police Officer at Phoenix Police Department, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| JUSTIN WECHSLER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Johnathan Arthur Fields appeals pro se from the district court's summary

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment in his 42 U.S.C. § 1983 action alleging federal and state law claims arising from Fields's search, arrest, and imprisonment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Smith v. Almada*, 640 F.3d 931, 936 (9th Cir. 2011). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Fields's malicious prosecution claim because Fields failed to overcome the presumption, created by the prosecutor filing a criminal investigation, that probable cause existed. *See Newman v. County of Orange*, 457 F.3d 991, 994-96 (9th Cir. 2006) (plaintiff bears the burden of rebutting presumption that prosecutor acted with independent judgment, and "must provide more than an account of the incident in question that conflicts with the account of the officers involved"); *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975) (describing the elements of an Arizona malicious prosecution claim).

Summary judgment was proper on Fields's intentional infliction of emotional distress claim because Fields failed to raise a genuine dispute of material fact as to whether defendant McQueen's conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (citation and internal quotation marks omitted).

19-17490

Summary judgment was proper on Fields's false imprisonment claim because Fields failed to raise a genuine dispute of material fact as to whether there was no probable cause for his arrest. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (a plaintiff must show there was no probable cause in order to prevail on a § 1983 claim for false arrest and imprisonment).

Fields's arguments concerning the district court's dismissal of other claims and defendants, and denial of leave to amend, are foreclosed by a prior decision of this court. *See Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir. 1979) ("[U]nder the law of the case doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." (internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Fields's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**