**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FREEDOM CHRISTOPHER AUS PFAENDLER,

Plaintiff-Appellant,

v.

SAHUARITA, TOWN OF; JOHN GEORGE; JOSEPH A. RIVERA; JESS VILLANUEVA; SHANNON COLLIER; SAMUEL ALMODOVA,

Defendants-Appellees.

No.     23-15412

D.C. No. 4:20-cv-00188-JCH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Argued and Submitted April 4, 2024
Phoenix, Arizona

Before:  CLIFTON, BYBEE, and BADE, Circuit Judges.

Freedom Christopher Austin Pfaendler appeals the district court's order

granting summary judgment on his civil rights claims against the Town of

Sahuarita and the individual police officers who arrested him, brought under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

42 U.S.C. § 1983 and Arizona state law. The district court granted summary judgment to Defendants on Pfaendler's false arrest, malicious prosecution, and illegal search claims, finding that the officers' actions were constitutionally valid or protected by qualified immunity.

We review the grant of summary judgment de novo. *O'Doan v. Sanford*, 991 F.3d 1027, 1035 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    To sustain a claim for false arrest or malicious prosecution under § 1983 or Arizona law, a plaintiff must show the absence of probable cause. *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015); *Slade v. City of Phoenix*, 541 P.2d 550, 552-53 (Ariz. 1975). "To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *District of Columbia v. Wesby*, 583 U.S. 48, 56-57 (2018) (internal quotation marks and citations omitted). "Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009).

Pfaendler first asserts that the district court failed to properly apply the

summary judgment standard in its probable cause analysis. But he fails to identify any disputed issue of material fact, as the factual disputes he identifies are (1) not "over facts that might affect the outcome of the suit," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), (2) belied by video evidence in the record, *see Hernandez v. Town of Gilbert*, 989 F.3d 739, 746 (9th Cir. 2021), or (3) disputes that would require us to "draw unreasonable inferences from circumstantial evidence," *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

"In the absence of material factual disputes, the objective reasonableness of a police officer's conduct is a pure question of law." *O'Doan*, 991 F.3d at 1035 (internal quotation marks and citations omitted). The undisputed facts were more than sufficient for a reasonable officer to conclude that Pfaendler had violated Arizona's trespassing law, which requires in relevant part that a person "[k]nowingly enter[] or remain[] unlawfully on any real property after a reasonable request to leave by . . . the owner or any other person having lawful control over such property . . . ." A.R.S. § 13-1502(A)(1).[1] Officers had uncontradicted information that the store manager, a "person having lawful control over [the]

---

[1] Though Pfaendler was ultimately charged with disorderly conduct, "an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *Wesby,* 583 U.S. at 54 n.2. We limit our discussion to trespass, as that analysis is sufficient to resolve this case.

3

property," had made one or more "reasonable request[s] to leave." Pfaendler, still in the store when officers arrived, appeared to be "remaining unlawfully."

Pfaendler counters that officers "failed to meaningfully account for . . . exculpatory evidence" suggesting that he had not *knowingly* refused a request to leave. Specifically, he contends that he never heard the manager's requests to leave. But "[t]he mere existence of some evidence that could suggest [a valid defense] does not negate probable cause." *Yousefian*, 779 F.3d at 1014. All that is required is "a 'fair probability' that the person knew" their conduct was unlawful. *Gasho v. United States*, 39 F.3d 1420, 1430 (9th Cir. 1994). It was not unreasonable for officers to conclude that under the totality of the circumstances – which included not only Pfaendler's innocent explanation, but also the manager's countervailing statements, 911 calls relating that Pfaendler was ignoring requests to leave, and officers' own observations of and interactions with Pfaendler – there was a fair probability that Pfaendler knew he had been asked to leave and yet remained. *Cf. O'Doan*, 991 F.3d at 1041 ("If arresting officers had to accept at face value claims of potential lack of mens rea, as here, many arrests for unlawful conduct would likely be called into question . . . .").

2.   Pfaendler also contends that a material factual dispute remains over whether the decision to arrest was based on his "contempt of cop," i.e., his "invocation of his right to remain silent or his failure to be sufficiently deferential

4

to officers." We will not ordinarily scrutinize an officer's actual motivations for an otherwise valid arrest. *Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). Where, as here, the objective facts provide probable cause to arrest, the arresting officers' subjective intent is irrelevant. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1724-25 (2019).

3.      Pfaendler urges reversal of the dismissal of his federal illegal search claim, as well as the reinstatement of his claims for equitable relief. Because these arguments are predicated on the absence of probable cause for his arrest, they must also fail.

**AFFIRMED.**